FILED
CLERK
7/5/2016 1:19 pm
U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
LONG ISLAND OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
PAULA E. BAILEY,

           Plaintiff,

  -against-

WELLS FARGO BANK, N.A. AS TRUSTEE
FOR LEHMAN (STRUCTURED ASSET
SECURITIES CORPORATION, MORTAGE
PASS-THROUGH CERTIFICATES SERIES
2007-BC1), and STIENE & ASSOCIATES P.C.,

           Defendants.
------------------------------------------------------------X

**ORDER**
15-CV-3249 (SJF)(ARL)

FEUERSTEIN, District Judge:

      Before the Court is Magistrate Judge Arlene Lindsay's June 6, 2016 Report and Recommendation (Dkt. 26) ("Report"), in which she: (1) recommends that defendant Wells Fargo's[1] motion to dismiss for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1) and for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c) (Dkt. 24) be granted; (2) recommends that the motion of defendant Stiene & Associates, P.C. ("Stiene") to dismiss Plaintiff's complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) (Dkt. 15) be granted insofar as Stiene seeks dismissal of Plaintiff's claims against it, but denied insofar as Stiene seeks attorneys' fees and costs; (3) grants Plaintiff's motion for leave to amend her complaint (Dkt. 19)[2]; and (4) recommends that Plaintiff's cross-

---

[1] As in the Report, "Wells Fargo" refers to defendant Wells Fargo Bank, National Association, as Trustee for Structured Asset Securities Corporation Mortgage Pass-Through Certificates, Series 2007-BC1 s/h/a Wells Fargo Bank, N.A. as Trustee for Lehman (Structured Asset Securities Corporation, Mortgage Pass-Through Certificates Series 2007-BC1).

[2] On September 25, 2015, Plaintiff filed a motion seeking leave to amend her complaint pursuant to Federal Rule of Civil Procedure 15. (Dkt. 19). Specifically, Plaintiff sought to include a verification in her complaint and to attach two (2) exhibits that she had inadvertently neglected to attach to her original complaint. (*See id.*, *see also* Report at

motions to strike Stiene's pleadings and motion papers (Dkt. 18) and for judgment on the pleadings (Dkt. 24-3) be denied in their entirety.  No objections to the Report have been filed and the deadline for filing objections has passed.

Any portion of a report and recommendation on a dispositive matter to which a timely objection has been made is reviewed by the district court *de novo*.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  Where no proper objections are interposed, however, a district court is not required to review the factual findings or legal conclusions of the magistrate judge *de novo*.  *See Thomas v. Arn*, 474 U.S. 140, 150, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985).  To accept the report and recommendation of a magistrate judge on a dispositive matter to which no timely objection has been made, the district court need only be satisfied that there is no clear error on the face of the record.  *See* Fed. R. Civ. P. 72(b); *Johnson v. Goord*, 487 F. Supp. 2d 377, 379 (S.D.N.Y. 2007), *aff'd*, 305 F. App'x 815 (2d Cir. Jan. 9, 2009); *Baptichon v. Nev. State Bank*, 304 F. Supp. 2d 451, 453 (E.D.N.Y. 2004), *aff'd*, 125 F. App'x 374 (2d Cir. Apr. 13, 2005).  Whether or not proper objections have been filed, the district judge may, after review, accept, reject, or modify any of the magistrate judge's findings or recommendations.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).

---

8). This Court did not refer that motion to Magistrate Judge Lindsay, however Magistrate Judge Lindsay properly granted that motion and considered Plaintiff's exhibits in her Report. (*See, e.g.,* Report at 3, 11 (referring to the "Consumer Notice of Dispute of Debt" exhibit)). Accordingly, this Order applies to Plaintiff's complaint as amended to include the two (2) exhibits and the verification.

Upon review, this Court adopts Magistrate Judge Lindsay's Report in its entirety. Accordingly, (1) defendant Wells Fargo's motion to dismiss for lack of subject matter jurisdiction and for judgment on the pleadings (Dkt. 24) is GRANTED; (2) defendant Stiene's motion to dismiss (Dkt. 15) is GRANTED insofar as it seeks dismissal of Plaintiff's claims against Stiene, but DENIED insofar as it seeks attorneys' fees and costs; and (3) Plaintiff's cross-motions to strike Stiene's pleadings and motion papers (Dkt. 18) and for judgment on the pleadings (Dkt. 24-3) are DENIED in their entirety.

The Clerk of the Court is directed to close this case and terminate Plaintiff's motion to amend her complaint (Dkt. 19), which Magistrate Judge Lindsay considered and granted in her Report. The Clerk of the Court need not serve notice of entry of this Order upon Plaintiff because she has consented to electronic notification (Dkt. 17).

**SO ORDERED.**

*s/ Sandra J. Feuerstein*
Sandra J. Feuerstein
United States District Judge

Dated: July 5, 2016
       Central Islip, New York